**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 26-cv-6225

FEDERAL CONFINEMENT ACCOUNTABILITY PROJECT,

Plaintiff,

v.

FEDERAL BUREAU OF PRISONS,

Defendant.

---

**COMPLAINT AND DEMAND FOR**
**INJUNCTIVE RELIEF**

---

Plaintiff, the Federal Confinement Accountability Project, by and through its attorney, Aaron Slade of Novo Legal Group, LLC, hereby submits its Complaint and Demand for Injunctive Relief against the above-named Defendant, and in support thereof states as follows:

## INTRODUCTION

The Federal Confinement Accountability Project ("FCAP") is an academic research and policy organization created to analyze the ways in which carceral power is exercised at the federal level and to hold federal carceral agencies accountable to their constitutional, statutory, and regulatory obligations. FCAP's three co-directors are law professors who publish articles in academic journals across the country on these topics and teach at Colorado and Nebraska law schools. To accomplish its research goals, FCAP requires public records and data from federal agencies, including the Federal Bureau of Prisons ("BOP").

"The basic purpose of FOIA is to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed." *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978). With that purpose in mind, FCAP requested public records from the BOP in March, April, and December 2024 through four Freedom of Information Act ("FOIA") requests. In response, the BOP ignored its strict statutory obligation under FOIA to timely and substantively respond to FCAP's requests. The BOP has left FCAP's requests languishing unanswered for years. To date, the BOP has not produced any records in response to FCAP's requests.

FCAP seeks redress through this lawsuit for the BOP's violations of FOIA and failure to comply with its transparency obligations. FCAP requests that this Court order the Defendant to provide all records responsive to FCAP's four FOIA requests, along with any other relief deemed just and proper.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B) and (6)(E)(iii).

2. Venue lies in this District pursuant to 5 U.S.C. § 552(a)(4)(B).

## PARTIES

***Plaintiff***

3. Plaintiff FCAP is an unincorporated academic research association. It is co-directed by law professors Danielle C. Jefferis, Laura Rovner and Nicole B. Godfrey, who have joined by mutual consent for a common, scholarly and public interest purpose. Two of its three directors reside in Colorado. FCAP maintains a mailing address in Colorado, conducts the majority of its

organizational activities through its Colorado-based directors (including signing and sending FOIA requests), and publicly identifies those Colorado-based directors on its website. FCAP seeks to provide a platform for academic research on incarceration by federal agencies and seeks to hold federal carceral agencies accountable for adhering to constitutional, statutory, and regulatory standards governing confinement to ensure people in the agencies' custody are treated safely and humanely.

4. Professor Jefferis is a law professor whose research focuses on theories of punishment and the law and policy governing prison and detention. She writes regularly on the role of the federal courts in overseeing the constitutionality of conditions of confinement in America's prisons. Her research has appeared or is forthcoming in many top legal journals, including EMORY LAW JOURNAL, NORTH CAROLINA LAW REVIEW, FORDHAM LAW REVIEW, MICHIGAN JOURNAL OF RACE AND LAW, INDIANA LAW JOURNAL, and CORNELL LAW REVIEW *Online*, among others.

5. Professor Rovner is a law professor whose research and teaching focuses heavily on carceral reform. She supervises law students at the University of Denver Sturm College of Law's Civil Rights Clinic. There she has supervised students representing incarcerated clients on a variety of constitutional issues related to prison conditions. Her research and advocacy for reform have led to her providing expert testimony before the European Court of Human Rights, giving a TEDx talk, winning prison reforms at the state of Colorado's supermax prison, as well as a wide variety of other lectures and writings about the rights of incarcerated people, which have appeared in journals including the UNIVERSITY OF VIRGINIA LAW REVIEW, the ALABAMA LAW REVIEW, the AMERICAN UNIVERSITY LAW REVIEW, the CORRECTIONAL LAW REPORTER, among others, and she

is the co-author with Michael Mushlin of the 2026/27 Supplement to RIGHTS OF PRISONERS (Thomson Reuters).

6. Professor Godfrey is a law professor whose research focuses on the law of incarceration, focusing on the Eighth Amendment, First Amendment, Religious Freedom Restoration Act, and claims brought against the Bureau of Prisons and its employees. Her work has been featured or is forthcoming in the NEW YORK UNIVERSITY LAW REVIEW, NEVADA LAW JOURNAL, OREGON LAW REVIEW, NEBRASKA LAW REVIEW, and SEATTLE UNIVERSITY LAW REVIEW, among others, and she continues to teach at the University of Denver Sturm College of Law in the Civil Rights Clinic.

***Defendant***

7. Defendant BOP is a component of the United States Department of Justice, which is a department of the Executive Branch of the United States government, and is an agency within the meaning of 5 U.S.C. § 552(f)(1). The BOP is responsible for the health and safety of more than 150,000 people within its custody across the United States.

## FACTUAL ALLEGATIONS

***The Four FOIA Requests.***

8. On the following dates, FCAP submitted four FOIA requests to the BOP. The BOP in turn accepted and assigned a FOIA/PA request number to each request:

1. On March 12, 2024, FCAP requested any and all documents pertaining to the creation of the Special Confinement Unit (also known as federal death row) at the BOP's U.S. Penitentiary – Terre Haute and any and all Institution Supplements governing operations of the same, FOIA/PA Request Number 2024-02515; ("**March 12 Terre Haute Request**");

2. On March 12, 2024, FCAP requested any and every Institution Supplement and Complex Supplement applicable to the BOP's U.S. Penitentiary –

Administrative Maximum (ADX) created within the three years prior to the request, as well any and all iterations of the ADX Institution Supplement entitled "General Population and Step-Down Unit Operations," FOIA/PA Request Number 2024-02516; ("**March 12 ADX Request**");

3. On April 16, 2024, FCAP requested any and all documents pertaining to the BOP's "Support Coordinator" position, "including but not limited to documents discussing the need for the position, the position's purpose, the position's role, and the duties of the position," as well as any and all documents pertaining to the Bureau of Prison's "listening session" held by Bureau of Prisons Director Collette Peters on April 15, 2024, FOIA/PA Request Number 2024-03150; ("**April 16 Support Coordinator Request**");

4. On December 16, 2024, FCAP requested any and all "Claim for Damage, Injury, or Death" forms (Standard Form-95), including attachments thereto, submitted to the BOP between January 1, 2021, and December 31, 2023, as well as any and all records collected, gathered, and/or prepared in response to any and all of the above Standard Form-95 submissions between January 1, 2021, and December 31, 2023, FOIA/PA Request Number 2025-01363 ("**December 16 Standard Form-95 Request**").

*See generally* **Exhibit 1**.

9. In each request, FCAP requested a fee waiver pursuant to 5 U.S.C. § 552(a)(4)(A)(iii), on the grounds that disclosure of the records is in the public interest and not primarily in the commercial interest of the requester. **Exhibit 1.**

10. In its response to each request, the BOP claimed an extra ten days to respond to the request due to "unusual circumstances" pursuant to 5 U.S.C. § 552(a)(6)(B)(i)-(iii). **Exhibit 1.**

11. With the extension applied, the BOP had thirty days to substantively respond to each FOIA request.

12. Despite that statutory deadline, the BOP informed FCAP that an anticipated nine months were needed to substantively respond to each request.

13. The BOP's self-imposed deadline of nine months came and went, without any substantive response to FCAP's FOIA requests nor production of any records.

14. FCAP contacted the BOP's FOIA office via email on July 31, 2025, following up on the March 12 Terre Haute Request. By that time, over a year had passed since the submission of the request—well over the statutory thirty-day deadline, and past the BOP's self-imposed nine-month timeframe.

15. In response, the BOP stated on August 8, 2025, that, "A search is still being conducted for records responsive to your request. As we have yet to receive responsive records from the records custodian, our anticipated date of completion is February 10, 2026."

16. Just like the BOP's previous self-imposed deadlines, February 10, 2026 came and went without any substantive response to FCAP's FOIA requests nor production of any records.

17. FCAP sent a second email to the BOP's FOIA office on April 23, 2026, following up on the March 12 Terre Haute Request. At that point, it had been over two years since FCAP submitted the request. In response to this second follow-up, the BOP stated that, "There has been no change in status since your last inquiry. A search is still being conducted for records responsive to your request. As we have yet to receive responsive records from the records custodian, our anticipated date of completion is November 11, 2026. Please note, this is only an estimate."

18. Apart from the communication regarding the March 12 Terre Haute Request, FCAP did not receive any communication regarding any of the other outstanding requests.

19. As of the date of this complaint, the BOP has not responded substantively to any of FCAP's FOIA requests despite the requests pending for years.

20. For the BOP, defying its transparency obligations under FOIA is regular behavior.

21. For decades, the BOP has employed a pattern and practice of failing to timely and substantively comply with its FOIA obligations.

22. For example, in May of 2023, the Washington Lawyers' Committee sued the Department of Justice alleging over forty separate FOIA requests sent to the BOP between 2019 and 2023, nearly all of which were still pending by the time the complaint was filed. *See generally Wash. Lawyer's Comm. for C.R. and Urban Affairs v. U.S. Dep't of Just.*, 145 F.4th 63 (D.C. Cir. 2025).

23. In another example, the American Civil Liberties Union and Washington Lawyers' Committee filed a complaint in March of 2022, alleging that a FOIA request had been sent in December of 2019 and that no determination had been made regarding their case by the time the complaint was filed over two years later. *Am. C.L. Union et al. v. U.S. Dep't of Just.*, 22-cv-00853-JMC, ECF No. 1 (D.D.C. March 30, 2022). As of July 15, 2026, more than seven years after the original request and more than four years after initiation of the lawsuit, the BOP has still not provided complete and compliant disclosures. *Id.* at ECF No. 32 ("Status Report").

## CLAIMS FOR RELIEF

### COUNT 1
### Freedom of Information Act 5 U.S.C. § 552(a)(6)(A) – Failure to Timely Issue a Determination in Response to Plaintiff's March 12 Terre Haute Request

24. FCAP realleges and incorporates by reference all allegations of this Complaint here.

25. Under FOIA, the BOP was required to "immediately notify [FCAP] within twenty business days" of its determination about whether it will comply with FCAP's March 12 Terre Haute Request and the reasons for the determination. 5 U.S.C. § 552(a)(6)(A)(i).

26. The BOP extended that time limit by ten business days by sending a written notice to FCAP outlining any unusual circumstances for such extension and the date on which a

determination is expected to be dispatched. 5 U.S.C. § 552(a)(6)(B)(i). With the extension, the BOP had 30 days to substantively respond to FCAP's March 12 Terre Haute Request.

27. Within that timeframe, the BOP "must at least: (i) gather and review the documents; (ii) determine and communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents; and (iii) inform the requester that it can appeal whatever portion of the 'determination' is adverse." *Citizens for Resp. & Ethics in Wash. v. Fed. Election Comm'n*, 711 F.3d 180, 188 (D.C. Cir. 2013).

28. The BOP failed to comply and fulfill its obligation to provide FCAP with a sufficient determination in response to its March 12 Terre Haute request within the statutorily required period, in violation of FOIA. Instead, the BOP has left the March 12 Terre Haute Request unanswered for years.

29. Furthermore, the BOP's acknowledgement letters and subsequent status updates are not "determinations" under FOIA because those communications did not contain the required elements to be considered a sufficient determination under FOIA. *Citizens*, 711 F.3d at 188.

**COUNT 2**
**5 U.S.C. § 552(a) - Failure to Reasonably Search for and Promptly Produce Responsive Records to Plaintiff's March 12 Terre Haute Request**

30. Plaintiff FCAP realleges and incorporates by reference all allegations of this Complaint here.

31. Under FOIA, the BOP was obligated to "make reasonable efforts to search for the records," and to make the records, "promptly available" to FCAP after issuing its determination regarding FCAP's March 12 Terre Haute Request. 5 U.S.C. § 552(a)(3)(A)-(C). The term "promptly available," in the context of FOIA, typically means "within days or a few weeks of a

'determination' [under 5 U.S.C. § 552(a)(3)(A), (a)(6)(C)(i)], not months or years." *Citizens*, 711 F.3d at 188.

32. As of the date of this Complaint, the BOP has failed to make reasonable efforts to search for and failed to produce any records in response to FCAP's March 12 Terre Haute Request. The BOP did not claim any of the FOIA exemptions apply in any of its communications regarding FCAP's request, and none apply.

33. Even if one or more exemptions did apply to portions of the information requested by FCAP, the BOP must disclose any reasonably segregable non-exempt portions, 5 U.S.C. § 552(a)(8)(A)(ii), and indicate, "the amount of information deleted, and the exemption under which the deletion is made." 5 U.S.C. § 552(a)(8)(B).

34. Finally, even if the BOP determined that an exemption applied to any or all the requested records, the BOP was nevertheless required to inform FCAP of that determination and the reasons for it. 5 U.S.C. § 552(a)(6)(A)(i). The BOP violated its statutory obligations to timely respond and produce records in response to FCAP's March 12 Terre Haute Request. As such, the BOP cannot "assess any search fees . . . [or] duplication fees" incurred in processing the requests. 5 U.S.C. § 552(a)(4)(A)(viii).

**COUNT 3**
**Freedom of Information Act 5 U.S.C. § 552(a)(6)(A) – Failure to Timely Issue a Determination in Response to Plaintiff's March 12 ADX Request**

35. FCAP realleges and incorporates by reference all allegations of this Complaint here.

36. Under FOIA, the BOP was required to "immediately notify [FCAP] within twenty business days" of its determination about whether it will comply with FCAP's March 12 ADX Request and the reasons for the determination. 5 U.S.C. § 552(a)(6)(A)(i).

37. The BOP extended that time limit by ten business days by sending a written notice to FCAP outlining any unusual circumstances for such extension and the date on which a determination is expected to be dispatched. 5 U.S.C. § 552(a)(6)(B)(i). With the extension, the BOP had 30 days to substantively respond to FCAP's March 12 ADX Request.

38. Within that timeframe, the BOP "must at least: (i) gather and review the documents; (ii) determine and communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents; and (iii) inform the requester that it can appeal whatever portion of the 'determination' is adverse." *Citizens*, 711 F.3d at 188.

39. The BOP failed to comply and fulfill its obligation to provide FCAP with a sufficient determination in response to its March 12 ADX Request within the statutorily required period, in violation of FOIA. Instead, the BOP has left the FCAP's March 12 ADX Request unanswered for years.

40. Furthermore, the BOP's acknowledgement letters and subsequent status updates are not "determinations" under FOIA because those communications did not contain the required elements to be considered a sufficient determination under FOIA. *Citizens*, 711 F.3d at 188.

**COUNT 4**
**5 U.S.C. § 552(a) - Failure to Reasonably Search for and Promptly Produce Responsive Records to Plaintiff's March 12 ADX Request**

41. Plaintiff FCAP realleges and incorporates by reference all allegations of this Complaint here.

42. Under FOIA, the BOP was obligated to "make reasonable efforts to search for the records," and to make the records, "promptly available" to FCAP after issuing its determination regarding FCAP's March 12 ADX Request. 5 U.S.C. § 552(a)(3)(A)-(C). The term "promptly

available," in the context of FOIA, typically means "within days or a few weeks of a 'determination' [under 5 U.S.C. § 552(a)(3)(A), (a)(6)(C)(i)], not months or years." *Citizens*, 711 F.3d at 188.

43. As of the date of this Complaint, the BOP has failed to make reasonable efforts to search for and failed to produce any records in response to FCAP's March 12 ADX Request. The BOP did not claim any of the FOIA exemptions apply in any of its communications regarding FCAP's request, and none apply.

44. Even if one or more exemptions did apply to portions of the information requested by FCAP, the BOP must disclose any reasonably segregable non-exempt portions, 5 U.S.C. § 552(a)(8)(A)(ii), and indicate, "the amount of information deleted, and the exemption under which the deletion is made." 5 U.S.C. § 552(a)(8)(B).

45. Finally, even if the BOP determined that an exemption applied to any or all the requested records, the BOP was nevertheless required to inform FCAP of that determination and the reasons for it. 5 U.S.C. § 552(a)(6)(A)(i). The BOP violated its statutory obligations to timely respond and produce records in response to FCAP's March 12 ADX Request. As such, the BOP cannot "assess any search fees . . . [or] duplication fees" incurred in processing the requests. 5 U.S.C. § 552(a)(4)(A)(viii).

**COUNT 5**
**Freedom of Information Act 5 U.S.C. § 552(a)(6)(A) – Failure to Timely Issue a Determination in Response to Plaintiff's April 16 Support Coordinator Request**

46. FCAP realleges and incorporates by reference all allegations of this Complaint here.

47. Under FOIA, the BOP was required to "immediately notify [FCAP] within twenty business days" of its determination about whether it will comply with FCAP's April 16 Support Coordinator Request and the reasons for the determination. 5 U.S.C. § 552(a)(6)(A)(i).

48. The BOP extended that time limit by ten business days by sending a written notice to FCAP outlining any unusual circumstances for such extension and the date on which a determination is expected to be dispatched. 5 U.S.C. § 552(a)(6)(B)(i). With the extension, the BOP had 30 days to substantively respond to FCAP's April 16 Support Coordinator Request.

49. Within that timeframe, the BOP "must at least: (i) gather and review the documents; (ii) determine and communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents; and (iii) inform the requester that it can appeal whatever portion of the 'determination' is adverse." *Citizens*, 711 F.3d at 188.

50. The BOP failed to comply and fulfill its obligation to provide FCAP with a sufficient determination in response to its April 16 Support Coordinator Request within the statutorily required period, in violation of FOIA. Instead, the BOP has left the FCAP's April 16 Support Coordinator Request unanswered for years.

51. Furthermore, the BOP's acknowledgement letters and subsequent status updates are not "determinations" under FOIA because those communications did not contain the required elements to be considered a sufficient determination under FOIA. *Citizens*, 711 F.3d at 188.

**COUNT 6**
**5 U.S.C. § 552(a) - Failure to Reasonably Search for and Promptly Produce Responsive Records to Plaintiff's April 16 Support Coordinator Request**

52. Plaintiff FCAP realleges and incorporates by reference all allegations of this Complaint here.

53. Under FOIA, the BOP was obligated to "make reasonable efforts to search for the records," and to make the records, "promptly available" to FCAP after issuing its determination regarding FCAP's April 16 Support Coordinator Request. 5 U.S.C. § 552(a)(3)(A)-(C). The term "promptly available," in the context of FOIA, typically means "within days or a few weeks of a 'determination' [under 5 U.S.C. § 552(a)(3)(A), (a)(6)(C)(i)], not months or years." *Citizens*, 711 F.3d at 188.

54. As of the date of this Complaint, the BOP has failed to make reasonable efforts to search for and failed to produce any records in response to FCAP's April 16 Support Coordinator Request. The BOP did not claim any of the FOIA exemptions apply in any of its communications regarding FCAP's request, and none apply.

55. Even if one or more exemptions did apply to portions of the information requested by FCAP, the BOP must disclose any reasonably segregable non-exempt portions, 5 U.S.C. § 552(a)(8)(A)(ii), and indicate, "the amount of information deleted, and the exemption under which the deletion is made." 5 U.S.C. § 552(a)(8)(B).

56. Finally, even if the BOP determined that an exemption applied to any or all the requested records, the BOP was nevertheless required to inform FCAP of that determination and the reasons for it. 5 U.S.C. § 552(a)(6)(A)(i). The BOP violated its statutory obligations to timely respond and produce records in response to FCAP's April 16 Support Coordinator Request. As

such, the BOP cannot "assess any search fees . . . [or] duplication fees" incurred in processing the requests. 5 U.S.C. § 552(a)(4)(A)(viii).

**COUNT 7**
**Freedom of Information Act 5 U.S.C. § 552(a)(6)(A) – Failure to Timely Issue a Determination in Response to Plaintiff's December 16 Standard Form-95 Request**

57. FCAP realleges and incorporates by reference all allegations of this Complaint here.

58. Under FOIA, the BOP was required to "immediately notify [FCAP] within twenty business days" of its determination about whether it will comply with FCAP's December 16 Standard Form-95 Request and the reasons for the determination. 5 U.S.C. § 552(a)(6)(A)(i).

59. The BOP extended that time limit by ten business days by sending a written notice to FCAP outlining any unusual circumstances for such extension and the date on which a determination is expected to be dispatched. 5 U.S.C. § 552(a)(6)(B)(i). With the extension, the BOP had 30 days to substantively respond to FCAP's December 16 Standard Form-95 Request.

60. Within that timeframe, the BOP "must at least: (i) gather and review the documents; (ii) determine and communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents; and (iii) inform the requester that it can appeal whatever portion of the 'determination' is adverse." *Citizens*, 711 F.3d at 188.

61. The BOP failed to comply and fulfill its obligation to provide FCAP with a sufficient determination in response to its December 16 Standard Form-95 Request within the statutorily required period, in violation of FOIA. Instead, the BOP has left the FCAP's December 16 Standard Form-95 Request unanswered for years.

62. Furthermore, the BOP's acknowledgement letters and subsequent status updates are not "determinations" under FOIA because those communications did not contain the required elements to be considered a sufficient determination under FOIA. *Citizens*, 711 F.3d at 188.

**COUNT 8**
**5 U.S.C. § 552(a) - Failure to Reasonably Search for and Promptly Produce Responsive Records to Plaintiff's December 16 Standard Form-95 Request**

63. Plaintiff FCAP realleges and incorporates by reference all allegations of this Complaint here.

64. Under FOIA, the BOP was obligated to "make reasonable efforts to search for the records," and to make the records, "promptly available" to FCAP after issuing its determination regarding FCAP's December 16 Standard Form-95 Request. 5 U.S.C. § 552(a)(3)(A)-(C). The term "promptly available," in the context of FOIA, typically means "within days or a few weeks of a 'determination' [under 5 U.S.C. § 552(a)(3)(A), (a)(6)(C)(i)], not months or years." *Citizens*, 711 F.3d at 188.

65. As of the date of this Complaint, the BOP has failed to make reasonable efforts to search for and failed to produce any records in response to FCAP's December 16 Standard Form-95 Request. The BOP did not claim any of the FOIA exemptions apply in any of its communications regarding FCAP's request, and none apply.

66. Even if one or more exemptions did apply to portions of the information requested by FCAP, the BOP must disclose any reasonably segregable non-exempt portions, 5 U.S.C. § 552(a)(8)(A)(ii), and indicate, "the amount of information deleted, and the exemption under which the deletion is made." 5 U.S.C. § 552(a)(8)(B).

67. Finally, even if the BOP determined that an exemption applied to any or all the requested records, the BOP was nevertheless required to inform FCAP of that determination and the reasons for it. 5 U.S.C. § 552(a)(6)(A)(i). The BOP violated its statutory obligations to timely respond and produce records in response to FCAP's December 16 Standard Form-95 Request. As such, the BOP cannot "assess any search fees . . . [or] duplication fees" incurred in processing the requests. 5 U.S.C. § 552(a)(4)(A)(viii).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor and against Defendant, and:

a. Order Defendant to immediately process and release all records responsive to Plaintiff's FOIA requests;

b. Enjoin Defendant from charging Plaintiff search, review, or duplication fees for the processing of Plaintiff's requests;

c. Order Defendant to produce a *Vaughn* index describing with particularity the content of any documents withheld, in whole or in part, and identifying the FOIA exemptions Defendants assert to justify such withholding;

d. Award Plaintiff its costs and reasonable attorneys' fees in accordance with 5 U.S.C. § 552(A)(4)(E); and

e. Grant Plaintiff such other and further relief as the Court may deem just and proper.

DATED: November 17, 2026

Respectfully submitted,

*s/ Aaron Slade*

Aaron Slade, Esq.
NOVO LEGAL GROUP, LLC
4280 Morrison Rd., Denver, CO 80219
Telephone: 303-335-0250
Fax: 303-296-4586
Email: aslade@novo-legal.com

*Attorney for Plaintiff*